IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:07-CV-11 |
| | § | (Judge Schell/Judge Bush) |
| THINK ALL PUBLISHING, L.L.C., and | § | |
| YURI MINTSKOSKY, | § | |
| | § | |
| Defendants. | § | |

# REPORT AND RECOMMENDATION OF
# UNITED STATES MAGISTRATE JUDGE

This matter having been referred to the undersigned conducted a hearing on the Federal Trade Commission's Motion for Preliminary Injunction. The parties appeared as well as counsel. "Defendants' Emergency Motion to Continue the Hearing on Plaintiff's Proposed Preliminary Injunction and Emergency Motion to Extend and Modify Temporary Restraining Order" (docket entry #16) is **DENIED**. Having considered the evidence and arguments of counsel, the court makes the following findings.

### FINDINGS OF FACT

1. The FTC has invoked the jurisdiction of this court pursuant to the statutes cited in its complaint.

2. Think All Publishing, L.L.C. ("Think All") is a Texas Limited Liability Company doing business in Plano, Texas.

3. Yuri Mintskovsky is President of the company.

4. The Defendants market and promote software via the internet.

5. Consumers are directed to the software promotion by advertisements and key word searches such as "free software CDs."

6. Defendants' website offers CDs that are free for only a nominal shipping charge.

7. The consumers were offered on free CD but were unable to proceed to checkout without accepting an offer for three additional bonus CDs. In other words, the consumer must order four CDs to proceed with the offer for one "free" CD.

8. Consumers are directed to an alternative page where they must agree to the terms and conditions. By clicking on the terms and conditions, consumers can review the terms and conditions in fine print. Buried within the terms and conditions is a paragraph titled "Memberships and Billing." The consumer is informed that if the consumer does not return two CDs within the 10-day trial period, he will be billed an additional charge on the credit card given for payment of shipping. While the consumer is informed of the 10-day trial period, neither the terms and conditions nor the liner give any indication about when the 10-day period starts and ends. The consumer is also informed that he will receive additional CDs and will be billed in a like manner. The consumer is directed to the Think All website to ascertain how to return the CDs or cancel "memberships."

9. Numerous consumers have complained of Defendants' practices.

10. The terms of use agreement in effect negates the free offer of software.

11. The provision which charges the consumer for software not returned is not in print or type that is noticeable or conspicuous.

12. Defendants do not offer free CD software but rather software CDs which impose hidden restrictions and charges.

13. Defendants' practices are nothing more than a bait and switch scheme to enrich Defendants at the expense of the consumers.

14. Defendants have engaged in false, misleading or deceptive practices.

15. Consumers typically receive the four computer software CDs they ordered from Defendants within seven to ten days. Consumers are told to review the terms and conditions prior to installing the software. This language is in small print at the bottom of the CD jacket. Consumers are also told that they can keep any two CDs as free but if the other two CDs are not returned within 10 days they will be charged and are directed to a website, www.thinkall.com/**FREE**cd.html (emphasis added). Finally, the consumer is told that "If you like all 4 CDs do nothing." The court finds that this language is misleading.

16. Many consumers first discover the CDs are not free when they learn that their credit cards have been charged for the "free" CDs.

17. Many consumers are unaware that they are enrolled in a continuous membership plan until their credit cards are charged.

18. For those consumers who do complain, many were not given refunds unless they file a complaint with a regulatory agency.

19. It was the practice of the Defendants to deny refunds to holders of certain credit cards.

20. Defendants used positive comments from some consumers to bolster their website without disclosing the many complaints.

21. The acts and practices complained about by the FTC occurred during a period from April,

2005 until this restraining order was granted.

## CONCLUSIONS OF LAW

1. The court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 45(a) and 53(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345.

2. Venues is proper in this district.

3. The court finds that Defendants' actions violate 15 U.S.C. § 45(a) in that their actions constitute a deceptive act or practice in violation of that Act.

4. Defendants' failure to adequately disclose material information as noted above is a deceptive act or practice in violation of 15 U.S.C. § 45(a).

5. Defendants' practice of assessing consumers additional charges for products represented to be free is a violation of 15 U.S.C. § 45(a).

6. Defendants' acts and practices are in violation of the Unordered Merchandise Statutes, 39 U.S.C. § 3009(a) and is in itself a violation of 15 U.S.C. § 45(a)(1).

7. Defendants' acts and practices constitute an ongoing damage to consumers and if not stopped will injure the public.

8. 15 U.S.C. § 53(h) allows the court to grant injunctive relief and other ancillary relief to prevent and remedy violations of the laws enforced by the FTC.

9. A preliminary injunction should be granted in accordance with the terms of the temporary restraining order as modified and all assets of Defendants should be frozen pending the final outcome of this case as modified.

10. The court finds that the requirements for the issuance of a preliminary injunction have been met. *See DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)

(stating that in order to obtain a preliminary injunction, a party must demonstrate the following four factors: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the requesting party outweighs any damage the injunction might cause to the objecting party; and (4) that the injunction will not harm the public interest).

## RECOMMENDATION

Based upon the foregoing, it is therefore RECOMMENDED that the preliminary injunction order attached hereto be signed by the court.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 19th day of January, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE