**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:07-cv-011 |
| | § | |
| THINK ALL PUBLISHING, L.L.C., and | § | |
| YURI MINTSKOVSKY, | § | |
|     Defendants. | § | |

**MEMORANDUM OPINION & ORDER ON PLAINTIFF'S MOTION TO COMPEL DEFENDANT THINK ALL PUBLISHING L.L.C.'S RESPONSES TO PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

Before the court are "Plaintiff Federal Trade Commission's Motion to Compel Defendant Think All Publishing, L.L.C.'s Responses to Plaintiff's Second Set of Discovery Requests, and Brief in Support Thereof" (de # 108) and the Response (de # 110), Reply (de # 111), and Sur-reply (de # 116) thereto. Based on the briefing and the applicable law, the court is of the opinion that the Plaintiff's Motion should be GRANTED IN PART and DENIED IN PART.

In January of 2007, Plaintiff Federal Trade Commission ("the FTC") brought suit against Defendants Yuri Mintskovsky and Think All Publishing, L.L.C. ("Think All"), alleging violations of 15 U.S.C. § 45(a)(1) and 39 U.S.C. § 3009(a). In particular, the FTC contends that the Defendants operated a marketing program whereby consumers who ordered free compact discs ("CDs") containing widely available software programs and who paid a nominal shipping charge were surreptitiously enrolled in a continuity program, causing the consumers to be billed for unwanted merchandise unwittingly received at later dates. The FTC propounded discovery upon the Defendants who asserted various objections to virtually all of the requests. The FTC moves the court to compel Think All to provide complete responses to its interrogatories, requests for admission, and

requests for production.

*Interrogatories*

The FTC served what it contends are eighteen interrogatories on Think All.  Each of the interrogatories are similarly structured.  By way of illustration, Interrogatory Number 4 states "[e]xplain with particularity the legal and factual basis for Defendants' denial of the allegations contained in Paragraph 24 of the Complaint filed in this case."  Think All argues that this interrogatory actually contains two separate interrogatories within the meaning of the Federal Rules of Civil Procedure.

The Federal Rules allow a party to serve twenty-five interrogatories, including all discrete subparts, on any other party without leave of the court.  FED. R. CIV. P. 33(a).  The FTC has not sought leave of the court to exceed this limit.  While "discrete subpart" has never been defined with surgical precision, a case from the United States District Court for the Southern District of Texas offers helpful guidance.  In *Dimitrijevic v. TV&C GP Holding, Inc.*, the court discussed the merits of several rubrics for evaluation of the elusive term.  *Dimitrijevic v. TV&C GP Holding, Inc.*, Civ. Action H-04-3457, 2005 U.S. Dist. LEXIS 41399, at *3-12 (S.D. Tex. Aug. 24, 2005).  The court concluded that a subpart is to be considered discrete only when it is "logically or factually subsumed within and necessarily related to the primary question."  *Id*. at *7-8 (quoting *Kendall v. GES Exposition Servs., Inc.*, 174 F.R.D. 684 (D. Nev. 1997)).

The court explained this standard by adding that where "the first question can be answered fully and completely without answering the second question, then the second question is totally independent of the first and not factually subsumed within [it]."  *Dimitrijevic*, 2005 U.S. Dist. LEXIS 41399, at *8 (quoting *Krawcyzk v. City of Dallas*, No. Civ. 3:030CV-0584D, 2004 U.S. Dist.

LEXIS 30011, at *2 (N.D. Tex. Feb. 27, 2004)).  The full and complete answer standard involves a comparison between the purported subpart and its parent question rather than a comparison of purported subpart to purported subpart.  *Dimitrijevic*, 2005 U.S. Dist. LEXIS 41399, at *11.

Proceeding with this standard, the interrogatories propounded by the FTC were generally counted properly by Think All.  By way of example, returning to Interrogatory Number 4, which asks Think All to provide its legal and factual bases for denying the allegations contained in Paragraph 24 of the Complaint the FTC propounded two discrete subparts, and therefore for the purposes of Rule 33(a), two interrogatories.  Answering one subpart fully and completely does not necessarily implicate concepts that fall within the sphere of the other subpart.  Think All properly treated this interrogatory, and the other, similarly situated interrogatories, as two discrete interrogatories.  As to the FTC's contention that Think All has not properly answered those interrogatories that call for Think All's legal basis for denying certain allegations, the court is of the opinion that Think All's responses thereto are appropriate.

Interrogatory Number 5 presents a different challenge, however.  Interrogatory Number 5 states "[e]xplain with particularity the legal and factual basis for Defendants' denial of allegations contained in Paragraph 25 of the Complaint filed in this case."  Paragraph 25 of the Complaint states

> 25. Defendants have failed to disclose or to disclose adequately to consumers:
>     a. that consumers who order the four free computer software CDs are automatically enrolled in defendants' computer software continuity program; and
>     b. the material terms and conditions of that program, including:
>        i. the cost of the additional shipments, including whether consumers must pay for shipping and handling; and
>        ii. how consumers may cancel to avoid further shipments and charges.

Think All answered Interrogatory Number 5 as if it contained ten discrete subparts.  Think All argues

that Interrogatory Number 5 asks for the provision of the legal and factual bases for denying each of five separate allegations contained in Paragraph 25 of the Complaint.

Applying the fully and completely answered standard, Paragraph 25 only contains a single allegation for the purpose of counting interrogatories: the allegation that the Defendants have failed to disclose or to disclose adequately to consumers the material terms and conditions of the continuity program. Each of the other portions of Paragraph 25 are logically and factually subsumed into that allegation. It is not possible to fully and completely answer an interrogatory seeking the factual basis for denying that the Defendants failed to disclose the material terms of the continuity program without discussing, for instance, the means of enrollment, the costs of the program, or the procedure for seeking refunds. Such objects of inquiry are not apart and separate from inquiry as to the material terms of Think All's alleged continuity program. Rather, those allegations in Paragraph 25 simply constitute "notice of the type of information that a full and complete answer to the main question should contain. *Dimitrijevic*, 2005 U.S. Dist. LEXIS 41399, at *9. Therefore, Interrogatory Number 5 contains two, rather than ten, discrete interrogatories. Think All must therefore provide responses to the first eight interrogatories to which it objected on numerosity grounds. In other words, Think All must respond to Interrogatories 1-11, including each discrete subpart, which, when counted properly, totals 25 interrogatories.

The FTC also takes issue with Think All's assertion of the work product doctrine to each of the interrogatories. Of course, the perceptions and mental impressions of defense counsel may not be the target of discovery. *Nguyen v. Excel Corp.*, 197 F.3d 200, 210 (5th Cir. 1999). Therefore, to the extent that responding to the FTC's discovery requires the revelation of materials or thoughts subject to the work product doctrine, Think All's work product objections are proper. It need not

provide "the mental impressions, conclusions, opinions, or legal theories of" its counsel. FED. R. CIV. P. 26(b)(3). The court notes that asking for Think All's legal bases for denying certain allegations is far more likely to invade the waters of work product than asking for Think All's factual bases for denying the same allegations.

Finally, Think All's objection to Interrogatory Number 1 that it is an improper contention interrogatory is sustained.

*Requests for Admission*

Think All also makes various objections to each of the FTC's requests for admission. The first of those objections is that the FTC's usage of "you" and "your" is ambiguous. The court finds these objections to be meritorious. The FTC uses the words "you" and "your" in many situations where Think All can not logically respond to the request, while in other situations, a particular request for admission uses either word in a manner logically permissible as to Think All. For example, Request Number 1 states "[a]dmit that you are a member of Think All Publishing, L.L.C." Clearly, Think All can not be a member of itself. Request Number 7 states "[a]dmit that you have transacted business in the Eastern District of Texas." In this instance, the word "you" makes sense as applied to Think All. Thus, the words "you" and "your" are ambiguously used throughout the FTC's requests for admissions, and Think All's objections on this basis are sustained.

Think All also objects to the FTC's use of the terms "plastic box" and "liner notes" in Requests for Admission Numbers 31-33 as being vague and ambiguous. These objections are without merit. These terms, understood in the context of the requests, are precise and adequately advise Think All of the information requested. However, as discussed *infra*, these requests are objectionable on other grounds.

Think All also objects to the FTC's use of the phrase "pay any fee" in Request for Admission Number 15 as being vague and ambiguous. "Pay any fee" could reasonably be interpreted narrowly to mean any fee paid to software developers for the right to reproduce computer programs, or it could be more broadly interpreted to mean any fee paid in the process of readying Think All's products for distribution to consumers. Think All's vagueness objection to Request for Admission Number 15 is sustained.

Think All also objects to the FTC's use of the term "charitable organization" in Request for Admission Number 38 as being vague and ambiguous. Charitable organization is used in one of the statutes the FTC contends Think All has violated. *See* 39 U.S.C. § 3009(a) (2006). Thusly viewed, "charitable organization" is neither vague nor ambiguous. Think All argues that the term, as used in the Request could be interpreted to mean an organization that is charitable as a layman might think of it. This argument is without merit, however, as the only relevant usage of "charitable organization" is its use in the statute Think All is charged with violating. Think All is adequately advised of the information requested from it, and its objection on this point is overruled.

Think All also makes numerous objections because it contends that many of the requests for admission are overbroad and vague and ambiguous as to time and scope. The requests to which Think All objects on this basis essentially fall into two categories: requests to which an honest admission can be given on the basis of activities that do not form the basis of this lawsuit (that is, activities conducted by the Defendants either before March of 2002 or that the FTC has not argued are violative of the relevant statutes) and requests to which an honest admission can be given, at least in part, on the basis of activities relevant to this lawsuit. Requests for admission that fall into the former category are indeed overbroad and ambiguous and vague as to time and scope, and Think

All's objections on these bases are valid. Requests for admission that fall into the latter category are neither overbroad nor ambiguous or vague as to time and scope because they call for responses that implicate the activities that fall within the scope of this lawsuit. In other words, the latter category of requests for admission will not generate false positives, whereas the former category could. Therefore, Think All's objections based on overbreadth or vagueness and ambiguity as to time and scope are overruled with respect to Requests for Admission Numbers 9-12 and 30. Think All's objections based on overbreadth or vagueness and ambiguity as to time and scope are sustained with respect to Requests for Admission Numbers 15, 16, 18-25, 27, 31-34, 39, 48, and 49.

Think All also objects to Request for Admission Number 45 as being irrelevant. The court is of the opinion that this objection should be sustained.

*Requests for Production*

The FTC propounded 27 requests for production of various documents on Think All. Think All objected to each request as being overbroad and unduly burdensome as to time and scope. Think All also states for each request that it has produced each set of documents to the FTC. The FTC does not challenge Think All's objections to Request for Production Number 27. The court is of the opinion that Think All's objections to Request for Production Numbers 1-26 should be overruled. The documents thereby requested are relevant and of the type that one would expect an ongoing business enterprise to maintain in an orderly and easily accessible manner. Therefore, to the extent that Think All has not produced any documents responsive to Request for Production Numbers 1-26, and subject to valid work product and attorney-client privilege objections, Think All is ordered to do so.

Based on the foregoing, the court orders Think All to amend its responses to the FTC's

Second Set of Discovery Requests as follows:

Think All is hereby ORDERED to provide responses to the first eight interrogatories, to be counted with the guidelines discussed, *supra*, in mind, to which it objected on numerosity grounds. In other words, Think All must respond to Interrogatories 1-11, including each discrete subpart.

Think All is hereby ORDERED to provide a response to Request for Admission Numbers 9-12, 30, and 38.

Think All is hereby ORDERED to provide to the FTC the documentation requested in Requests for Production 1-26 to the extent that such documentation has not yet been produced.

IT IS SO ORDERED.

**SIGNED this the 11th day of March, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE