**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:07-cv-011 |
| | § | |
| THINK ALL PUBLISHING, L.L.C., and | § | |
| YURI MINTSKOVSKY, | § | |
|     Defendants. | § | |

**<u>MEMORANDUM OPINION & ORDER ON DEFENDANTS' MOTION TO COMPEL</u>**

Before the court are the "Defendant's Motion to Compel to [sic] Plaintiff's Responses to Defendants' Discovery Requests" (de # 122) and a Response (de # 123), Reply (de # 125) and Surreply (de # 126) thereto.  Upon consideration of the Motion and the responsive briefing, the court is of the opinion that the Motion should be GRANTED IN PART and DENIED IN PART.

The Defendants first argue that the Federal Trade Commission's ("FTC") "General Objections" should be struck.  The FTC argues that the objections are not prejudicial and should therefore be sustained.  The FTC cites no authority for its proposition.  Objections must be related to a specific request for discovery, rendering general objections meaningless.  *Henry v. Champlain Enterprises, Inc.*, 212. F.R.D. 73, 78 (N.D.N.Y. 2003).  The FTC's General Objections should be, and hereby are, overruled.

The FTC objects to Requests for Production 5, 8, 9, 15 and 19 on the basis that the requests call for documents protected by the joint defense and work product privileges.  The Defendants argue that the joint defense privilege is inapplicable.

The joint defense, or common interest, doctrine extends certain privileges, typically the attorney-client and work product privileges, to documents that are prepared by parties sharing a

common litigation interest that would otherwise not enjoy such privilege.  *Ferko v. NASCAR*, 219 F.R.D. 396, 401 (E.D. Tex. 2003).  Thus, while the attorney-client and work product privileges are typically waived upon disclosure to a third party, where that third party  "share[s] a common legal interest" with the producing entity, such production does not waive either privilege.  *Id*.

The joint defense doctrine applies in this Circuit to "(1) communications between co-defendants in actual litigation and their counsel and (2) communications between potential co-defendants and their counsel."  *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001) (internal citations omitted).  The joint defense doctrine is to be narrowly construed because, although policy considerations support its use in some circumstances, it is "an obstacle to truth seeking."  *Id*.  For communications between *potential* co-parties to be covered by the doctrine, "there must be a palpable threat of litigation at the time of communication."  *Id*. at 711.

The FTC's characterization of the doctrine is contrary to the precedent in this Circuit.  The FTC states "all that matters is that there is the potential for an action to have been brought" against one of these Defendants involving issues common to both the instant and hypothetical lawsuits. (Pl.'s Resp. 4.)  Under this view, the joint defense doctrine would potentially be as expansive as the imagination of the lawyer who asserts it.

Moreover, and more importantly, the FTC's invocation of the joint defense privilege is inadequate under the rubric enunciated by the Fifth Circuit Court of Appeals.  The FTC has not even stated that a third party from which it received documents requested by the Defendants anticipates or could potentially anticipate litigation against the Defendants on issues surrounding this lawsuit. Clearly, there was no "palpable threat of litigation" at the time of disclosure so as to trigger the protections of the joint defense doctrine.  *Santa Fe*, 272 F.3d at 711.  The FTC's invocation of the

joint defense privilege in response to Requests for Production 5, 8, 9, 15, and 19 is therefore improper and is hereby overruled.

The FTC also objects to the production of certain Texas Workforce Commission ("TWC") documents.  The documents consist of salary information provided by Think All and obtained from the TWC by the FTC.  The FTC objects on the grounds that the Defendants already have this information and that the TWC has requested the FTC not to produce it.  The latter justification withers under the plain language of Rule 34 which requires the production of relevant documents "which are in the possession, custody or control of the party upon whom the request is served." FED. R. CIV. P. 34(a).

The former justification collapses under the weight of the instant circumstances.  First, the parties are quibbling over the production of a mere twenty pages of documents.  Any duplication caused the FTC's production thereof is de minimis.  Second, the Defendants are entitled to inspect the documents to determine whether the information given to the FTC conforms with the information they gave to the TWC.  Finally, there exists a possibility that the documents have analyzed or reorganized the salary data in a novel and useful manner.  Thus, the Defendants indeed may not have access to the data requested from the FTC.  The FTC's objections surrounding the production of documents P-0000040-59 should be, and hereby are overruled.

In its Request for Production Number 17, the Defendants seek consent orders entered into between the FTC and other parties in cases that bear factual similarities to the instant case.  The FTC objects that these orders, which are public records, are equally accessible to both parties because any such orders can be retrieved through a search of the FTC's website.  The FTC also notes that the consent orders it has on file are not cataloged in a manner so as to make compliance with the Request

inexpensive.  In other words, the FTC would itself have to search the files in the same manner as any other party, including the Defendants, to retrieve the consent orders sought by the Request.  Mindful of Rules 26(b)(2)(C)(i) and (ii), the court is of the opinion that the 'equally accessible' objection to Request for Production 17 should be, and hereby is, sustained.

In support of an apparent mitigation defense, the Defendants also seek documents pertaining to the value of the goods received by consumers and an admission that the goods did indeed impart value to the consumers.  The FTC objects to each request on the ground that the value of the product received by consumers is irrelevant.  The position advocated by the FTC is in accord with the law on the subject.  "Generally, the amount of restitution in FTC consumer redress cases is the purchase price of the relevant product or business opportunity, less any refunds or money earned."  *FTC v. Namer*, 781 F. Supp. 1136, 1143 (E.D. La. 1991).  This is because it is the defendant's fraud, "not the value of the thing sold," that creates a need for restitution.  *FTC v. Figgie Int'l, Inc.*, 994 F.2d 595, 606 (9th Cir. 1993).  Therefore, the value of the CDs received by consumers is irrelevant.  The FTC's objections to Request for Production 18 and Request for Admission 36 on this ground should be, and hereby are, sustained.

Finally, the Defendants contend that the FTC's responses to certain interrogatories are deficient.  In particular, the Defendants object to the FTC's partial reliance on extraneous documents in answering Interrogatories 2, 4, 5, 6, and 7 of the Defendants' First Set of Interrogatories and Interrogatories 1 and 2 of the Defendants' Second Set of Interrogatories.  The FTC contends that its answers are proper under Rule 33(d).

Typically, responses to interrogatories must be complete in themselves.  *E.g., Pilling v. General Motors Corp.*, 45 F.R.D. 366, 369 (D. Utah 1968).  However, Rule 33(d) allows a

responding party to produce specific business records in response to interrogatories so long as "the burden of deriving or ascertaining the answer is substantially the same" for each side.  FED. R. CIV. P. 33(d).

In each of the responses at issue, the FTC has provided a litany of facts bearing on the interrogatories followed by a reference to additional documents which provide further detail. Because the FTC has provided specific documents for inspection and because the burden of ascertaining in what ways the documents are responsive to the interrogatories is substantially the same for both parties, the FTC's responses to these interrogatories are permissible under Rule 33(d). *Caritas Techs., Inc. v. Comcast Corp.*, No. 2:05CV339, 2006 U.S. Dist. LEXIS 94879, at *7-10 (E.D. Tex. Feb. 10, 2006).  As such, the Defendants' opposition to the FTC's responses is hereby overruled.

IT IS SO ORDERED.

**SIGNED this the 11th day of March, 2008.**

*Richard A. Schell*
_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE