**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:07-cv-011 |
| | § | |
| THINK ALL PUBLISHING, L.L.C. and | § | |
| YURI MINTSKOVSKY, | § | |
| Defendants. | § | |

**MEMORANDUM OPINION & ORDER GRANTING IN PART AND DENYING IN**
**PART PLAINTIFF'S MOTION TO STRIKE JURY DEMAND AND AFFIRMATIVE**
**DEFENSES**

Before the court are "Plaintiff Federal Trade Commission's Motion to Strike Defendants'

Demand for a Jury Trial and Affirmative Defenses" (de # 46) and a Response (de # 50) and Reply

(de # 56) thereto.  Based on the Motion, the arguments of the parties, and the applicable law, the

court is of the opinion that the Motion should be GRANTED IN PART and DENIED IN PART.

## I.  BACKGROUND

Plaintiff Federal Trade Commission ("FTC") brought this action against Defendants Yuri

Mintskovsky and Think All Publishing seeking consumer redress for acts alleged to violate both

Section 5(a) of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45(a) (2006), and the

Unordered Merchandise Statute.  39 U.S.C. § 3009 (2006).  The FTC seeks to enforce both statutes

through the provisions of Section 13(b) of the FTCA, which authorizes the FTC to "bring a suit in

a district court of the United States to enjoin" practices which violate either of those two statutes.

15 U.S.C. § 53(b) (2006).

Here, the FTC seeks to permanently enjoin the Defendants from violating both Section 5(a)

and Section 3009.  The FTC also seeks disgorgement of ill-gotten gains, rescission of certain

contracts  and restitution to the alleged victims of the Defendants' business practices.  In their

Answer (de # 36), the Defendants requested that the matter be tried before a jury, and they asserted nine affirmative defenses.  The FTC moves the court to strike both the jury demand and each of the affirmative defenses.

## II.  LEGAL STANDARD

The Seventh Amendment guarantees a litigant's right to a trial by jury "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars."  U.S. Const. amend. VII.  The scope of this right is analyzed under a two-prong inquiry.  First, the court must determine whether the cause of action is analogous to a suit at law or a suit in equity in eighteenth century England.  *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 708 (1999); *Borst v. Chevron Corp.*, 36 F.3d 1308, 1323 (1994).  The court must also examine whether the relief sought is "legal or equitable in nature."  *Id*.  The second step carries more weight than the first.  *Granfinanciera, S. A. v. Nordberg*, 492 U.S. 33, 42 (1989).  In order to be entitled to the right to a jury trial under the Seventh Amendment, the relief sough by the plaintiff must be characterized as legal.  *Id*.

Rule 12(f) empowers the court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Motions under Rule 12(f) are generally disfavored.  *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyard, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).  Defenses should be struck only "when the defense is insufficient as a matter of law."  *Id*.

## III.  DISCUSSION AND ANALYSIS

Luckily, neither issue need detain the court for long.  The cases have unanimously held that the Seventh Amendment does not provide a right to a trial by jury in actions brought under Section 13(b).  *FTC v. Verity, Int'l, Ltd.*, 443 F.3d 48, 67 (2nd Cir. 2006); *FTC v. Seismic Entm't Prods., Inc.*,

441 F. Supp. 2d 349, 353 (D. N.H. 2006); *FTC v. Bronson Partners, L.L.C.*, No. 3:04cv1866, 2006 U.S. Dist. LEXIS 3315, at *12 (D. Conn. Jan. 25, 2006); *FTC v. Ne. Telecomm., Ltd.*, No. 96-6081-CIV, 1997 U.S. Dist. LEXIS 10531, at *3 (S.D. Fla. June 23, 1997); *FTC v. Hang-Up Art Enters., Inc.*, No. CV 95-0027, 1995 U.S. Dist. LEXIS 21444, at *4 (C.D. Cal. Sept. 27, 1995); *FTC v. Febre*, No. 94 C 3625, 1994 U.S. Dist. LEXIS 17908, at *3-4 (N.D. Ill. Dec. 15, 1994); *FTC v. Abbott Labs.*, No. 92-1364, U.S. Dist. LEXIS 21474, at *1 (D. D.C. Dec. 7, 1992). The court, therefore, finds that the Defendants' demand for a jury trial should be stricken.

This finding is consistent with the view of the authority of the district courts in Section 13(b) cases espoused by the Fifth and many other Circuit Courts of Appeals. *FTC v. Sw. Sunsites, Inc.*, 665 F.2d 711, 718 (5th Cir. 1982); *Verity*, 443 F.3d at 66, n.5-9. In *Southwest Sunsites*, the Fifth Circuit Court of Appeals made clear that, in Section 13(b) cases, the district courts may use "the full range of equitable remedies traditionally available." *Sw. Sunsites*, 665 F.2d at 718. That is, the court may order relief in the form of an injunction, disgorgement, rescission, restitution or in any other fashion as equity may dictate. That the Defendants may ultimately be liable in terms of money does not convert the matter into a suit at law. *See id*. Equitable relief is the only type of relief sought by, and indeed, available to, the FTC in this dispute. Its motion to strike the Defendants' jury demand is, therefore, meritorious.

The FTC also asks the court to strike each of the nine affirmative defenses pled by the Defendants. The FTC argues that the first seven affirmative defenses are actually negative defenses and that they, therefore, simply repeat the Defendants' denial of the allegations of the Complaint. A negative defense is "one which tends to disprove one or all of the elements of a complaint." *Emmons v. S. Pac. Transp. Co.*, 70 F.2d 1112, 1118 (5th Cir. 1983) (internal quotation marks and

citation omitted).  In other words, a negative defense is the equivalent of a defendant saying, "I did not do it."  The first seven affirmative defenses pled by the Defendants clearly fall in this category.  Each of these seven defenses are merely restatements of denials of certain allegations that were made elsewhere in the Defendants' Answer.  The affirmative defenses pled in Paragraphs 36-42 of the Answer are, therefore, redundant, and they should be struck under Rule 12(f).

The final two affirmative defenses seek to define the scope of relief that the FTC may obtain.  Each defense essentially alleges that the scope of relief is more limited than the Complaint suggests.  The court finds that these defenses fit comfortably within the residual clause of Rule 8(c) which requires a party to affirmatively set forth "any [] matter constituting an avoidance or affirmative defense."  This Rule is intended to give "fair notice of the affirmative defense."  *Woodfield v. Bowman*, 193 F.3d 354, 362 n.29 (5th Cir. 1999) (internal citation omitted).  The last two affirmative defenses do just that.  Moreover, they are in the nature of an affirmative defense because they "concern allegations outside of the plaintiff's prima facie case that the defendant therefore cannot raise by a simple denial in the answer."  *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F. Supp. 2d 698, 705 n.13 (N.D. Tex. 2006); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1271, at 585 (3d ed. 2004).  Rule 8(c) does not prevent the Defendants from affirmatively asserting the defenses pled in Paragraphs 43 and 44 of the Answer.

Because of the court's ruling on the affirmative defenses asserted in Paragraphs 36-42, the Defendants request leave of the court to amend their Answer.  The court is inclined to deny this request because its ruling merely strikes portions of the Answer that are duplicative of other parts of the Answer.  Therefore, an amended Answer is unnecessary.

## IV.  CONCLUSION

Based on the foregoing, the court is of the opinion that the FTC's Motion (de # 46) should be GRANTED IN PART and DENIED IN PART.  The FTC's Motion should be, and hereby is, GRANTED with respect to its request to strike the Defendants' jury demand.  The FTC's Motion should be, and hereby is, GRANTED with respect to its request to strike the first seven of the Defendants' affirmative defenses.  The FTC's Motion should be, and hereby is, DENIED with respect to its request to strike the affirmative defenses pled in Paragraphs 43 and 44.  The Defendants's request for leave to amend their answer should be, and hereby is DENIED.

IT IS SO ORDERED.

**SIGNED this the 20th day of March, 2008.**

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE